UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISHA CREATIONS, LTD., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>DOLGENCORP, INC., DOLLAR :<br>GENERAL CORPORATION, and :<br>FAMILY DOLLAR STORES, INC. :<br>:<br>Defendants : | Civil Action No. 08-cv-1065 (MGC)<br><br>**ANSWER AND COUNTERCLAIMS** |

Defendants Dolgencorp, Inc., Dollar General Corporation and Family Dollar Stores, Inc. ("Defendants") hereby answer the numbered allegations in the complaint filed by plaintiff Chrisha Creations, Ltd. ("Chrisha") as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2. Deny the allegations in paragraph 2, except Defendants admit that Dolgencorp, Inc.'s principal place of business is in Scottsville, KY.

3. Admit the allegations in paragraph 3.

4. Deny the allegations in paragraph 4, except Defendants admit that Family Dollar Stores, Inc. is a corporation formed under the laws of the State of Delaware.

5. Deny the allegations in paragraph 5, except Defendants admit that Plaintiff's Complaint states that it is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281 and 284-285.

6. State that the allegations in paragraph 6 are legal conclusions as to which no response is necessary.

7. Deny the allegations in paragraph 7, except admit that Dollar General Corporation and Family Dollar Stores, Inc. currently transact business in New York.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny them.

9. Deny the allegations in paragraph 9.

10. Deny the allegations in paragraph 10, except Defendants admit that U.S. Patent No. 7,216,446 ("the '446 patent") states on its face that it was issued on May 15, 2007.

11. Deny the allegations in paragraph 11, except Defendants admit that the '446 patent lists on its face Chrisha as the Assignee.

12. Admit the allegations in paragraph 12.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20, except Defendants admit that U.S. Patent No. 7,302,769 ("the '769 patent") states on its face that it was issued on December 4, 2007.

21. Deny the allegations in paragraph 11, except Defendants admit that the '446 patent lists on its face Chrisha as the Assignee.

22. Admit the allegations in paragraph 22.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

27. None of the claims of the '446 patent have been infringed by Defendants, and Defendants have not actively induced or committed acts of contributory infringement relating to the '446 patent.

28. None of the claims of the '769 patent have been infringed by Defendants, and Defendants have not actively induced or committed acts of contributory infringement relating to the '769 patent.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

29. The claims of the '446 patent are invalid because they fail to comply with one or more of the provisions set forth in Title 35 U.S. Code including but not limited to §§ 101, 102, 103 and 112 and specifically for instance the prior art U.S. Patent No. 4,271,620.

30. The claims of the '769 patent are invalid because they fail to comply with one or more of the provisions set forth in Title 35 U.S. Code including but not limited to §§ 101, 102, 103 and 112 and specifically for instance the prior art U.S. Patent Nos. 5,125,177 and 6,764,201.

### THIRD AFFIRMATIVE DEFENSE – PATENT MISUSE

31. The '446 patent is unenforceable because Chrisha has misused the '446 patent, and is therefore precluded from obtaining any relief.

32. The '769 patent is unenforceable because Chrisha has misused the '769 patent, and is therefore precluded from obtaining any relief.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

33. The '446 patent is unenforceable because Chrisha's claims for relief are barred by the doctrines of equitable estoppel, unclean hands and/or laches.

34. The '769 patent is unenforceable because Chrisha's claims for relief are barred by the doctrines of equitable estoppel, unclean hands and/or laches.

### FIFTH AFFIRMATIVE DEFENSE – COMMON LAW EQUITABLE ESTOPPEL

35. The '446 patent is unenforceable because Chrisha's claims for relief are barred by the doctrine of common law equitable estoppel. Upon information and belief, Chrisha intentionally withheld information concerning the '446 patent from Defendants.

36. The '769 patent is unenforceable because Chrisha's claims for relief are barred by the doctrine of common law equitable estoppel. Upon information and belief, Chrisha intentionally withheld information concerning the '769 patent from Defendants.

### SIXTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

37. On the basis of the proceedings before the United States Patent and Trademark Office during the prosecution of the application that issued as the '446 patent and the admissions and concessions made by or on behalf of the inventors, Chrisha is estopped from construing any of the claims of the '446 patent to cover any products made, used, sold, offered for sale, imported or exported by Defendants or any act committed by Defendants.

38. On the basis of the proceedings before the United States Patent and Trademark Office during the prosecution of the application that issued as the '446 patent and the admissions and concessions made by or on behalf of the inventors, Chrisha is estopped from construing any

of the claims of the '769 patent to cover any products made, used, sold, offered for sale, imported or exported by Defendants or any act committed by Defendants.

### SEVENTH AFFIRMATIVE DEFENSE – STATUTORY BARS

39. The prior art known, in public use, on sale or offered for sale before the alleged inventions claimed in the '446 patent limits the scope of the claims such that Defendants cannot be considered to infringe the '446 patent and no act committed by Defendants could be construed to constitute infringement.

40. The prior art known, in public use, on sale or offered for sale before the alleged inventions claimed in the '769 patent limits the scope of the claims such that Defendants cannot be considered to infringe the '769 patent and no act committed by Defendants could be construed to constitute infringement.

### EIGHTH AFFIRMATIVE DEFENSE – UNENFORCEABILITY

41. The '446 patent is unenforceable because Chrisha's claims for relief are barred by the doctrine of inequitable conduct. Upon information and belief, Chrisha intentionally withheld information concerning relevant prior art, including, but not limited to, relevant products that were available for sale in the United States and other geographies before the effective filing date of the application that ultimately issued as the '446 patent.

42. The '769 patent is unenforceable because Chrisha's claims for relief are barred by the doctrine of inequitable conduct. Upon information and belief, Chrisha intentionally withheld information concerning relevant prior art, including, but not limited to, relevant products that were available for sale in the United States and other geographies before the effective filing date of the application that ultimately issued as the '769 patent.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

43.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

44.     The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1221, 1338(a) and 2201(a).

45.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and 28 U.S.C. § 1400(b).

### FIRST COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT

46.     Defendants repeat the allegations of paragraphs 43 through 45 as if fully set forth herein.

47.     Chrisha has filed this action alleging that Defendants have infringed and will infringe the '446 patent, and Defendants have denied those allegations.

48.     There exists a justiciable controversy between Chrisha and the Defendants concerning the validity, enforceability and infringement of the '446 patent as set forth in Chrisha's Complaint.

49.     Defendants are entitled to a declaratory judgment or judgment otherwise that they have not infringed, contributed to infringement or induced others to infringe, and that they do not infringe, contribute to infringement or induce others to infringe the '446 patent.

50.     Chrisha has filed this action alleging that Defendants have infringed and will infringe the '769 patent, and Defendants have denied those allegations.

51. There exists a justiciable controversy between Chrisha and the Defendants concerning the validity, enforceability and infringement of the '769 patent as set forth in Chrisha's Complaint.

52. Defendants are entitled to a declaratory judgment or judgment otherwise that they have not infringed, contributed to infringement or induced others to infringe, and that they do not infringe, contribute to infringement or induce others to infringe the '769 patent.

## SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY AND UNENFORCEABILITY

53. Defendants repeat the allegations of paragraphs 43 through 52 as if fully set forth herein.

54. As set forth above, there is a justiciable controversy between the parties concerning the validity, enforceability and infringement of the '446 patent. Defendants are entitled to a declaratory judgment or judgment otherwise that the '446 patent is invalid and unenforceable because, among other things, Chrisha has failed to comply with: one or more provisions of Title 35 of the United States Code, § 101, 102, 103, 112, general principles of patent law, or the doctrines of equitable estoppel, unclean hands and/or laches.

55. As set forth above, there is a justiciable controversy between the parties concerning the validity, enforceability and infringement of the '769 patent. Defendants are entitled to a declaratory judgment or judgment otherwise that the '769 patent is invalid and unenforceable because, among other things, Chrisha has failed to comply with: one or more provisions of Title 35 of the United States Code, § 101, 102, 103, 112, general principles of patent law, or the doctrines of equitable estoppel, unclean hands and/or laches.

WHEREFORE, Defendants seek the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice.

B. That the Court declare that Defendants' sale of its products was not an infringement of the '446 patent, and that the commercial importation, offer for sale, sale, manufacture and use of Defendants' air-inflatable decorative figures will not infringe the '446 patent.

C. That the Court declare that Defendants' sale of its products was not an infringement of the '769 patent, and that the commercial importation, offer for sale, sale, manufacture and use of Defendants' air-inflatable decorative figures will not infringe the '769 patent.

D. That the Court declare that the '446 patent is invalid and unenforceable.

E. That the Court declare that the '769 patent is invalid and unenforceable.

F. That Defendants be awarded their costs.

G. That the Court award Defendants their attorneys fees under 35 U.S.C. § 285.

H. Such further relief as the Court determines is just and proper.

Respectfully submitted,

April 4 2008

*/s/ P. B.*

Philip Braginsky (PB-1627)
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel:   (212) 643-7000
Fax:   (212) 643-6500

Attorneys for Defendants
Dolgencorp, Inc.
Dollar General Corporation
Family Dollar Stores, Inc.