UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISHA CREATIONS, LTD. )<br>)<br>Plaintiff/ )<br>Counterclaim Defendant, )<br>)<br>- against - )<br>)<br>DOLGENCORP, INC., DOLLAR GENERAL )<br>CORPORATION, and FAMILY DOLLAR )<br>STORES, INC. )<br>)<br>Defendants/ )<br>Counterclaim Plaintiffs, ) | Civil Action No. 08-CV-1065 (MGC)<br><br>ECF Case |

### Rule 26(f) Report of the Parties

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the attorneys for the parties conferred with respect to the requirements of Rule 26(f) and submit the following report and proposed discovery plan in contemplation of the Initial scheduling conference in this matter scheduled for May 27, 2008 at 11:30 a.m.

(1)  **Settlement**

The parties have not discussed settlement of Chrisha's claims. The parties both believe a mediation session with the Magistrate may be helpful and respectfully request that the Court refer this matter to a Magistrate for a settlement conference.

(2)  **Discovery**

    A.  **Subject Matter**

        (1) **Chrisha:** In this case Chrisha asserts claims that defendant's products infringe on the patents owned by Chrisha for air-inflatable decorative products. Generally, Chrisha anticipates taking discovery concerning, among other topics, defendants' allegedly infringing products, sales of allegedly infringing products and defendant's importation and manufacture of defendant's allegedly infringing products, and with respect to both the '446 and the '769 patent alleged in the Complaint.

        (2) **Defendants:** Defendants contend that their products do not infringe plaintiff's patent and that plaintiff's patents are invalid. Generally, defendants anticipate taking discovery concerning, among other topics, the conception and reduction to practice of the invention claimed in the patents-in-suit, the prosecution of the

patents-in-suit, invalidating prior art and other invalidity issues, plaintiff's alleged damages and plaintiff's advance knowledge of defendants' proposed sales of the accused products.

The parties anticipate entering into a confidentiality stipulation where necessary.

### B. Claim Construction:

#### 1. Plaintiff's Position:

Prior to any Markman hearing, the parties shall engage in sufficient fact discovery so that they can exchange contentions on those items for which they have the burden of proof. The parties shall exchange their contentions on infringement and invalidity on January 30, 2009 and shall exchange their rebuttal contentions on February 15, 2009. The parties shall exchange their respective lists of claim terms that need to be construed and their proposed claim constructions by March 15, 2009. Any experts that the parties will use in connection with the Markman issues will be identified by name and summary of testimony topics by March 15, 2009. The parties shall thereafter meet and confer on claim construction on or before April 1, 2009. The parties shall serve their respective opening briefs and any declarations of experts in support of their claim construction by May 1, 2009 and serve their response briefs by May 21, 2009. Any Markman Hearing, if necessary, will be scheduled at the Court's convenience.

#### 2. Defendants' Position:

Defendants propose that any claim construction hearing take place on or about January 27, 2009. Defendants further propose that the parties shall serve their respective lists of claim terms that need to be construed and proposed constructions by November 3, 2008. The parties shall meet and confer on claim construction by November 10, 2008. The parties shall serve their respective opening briefs on claim construction by December 1, 2008 and serve their respective response briefs by December 19, 2008.

The parties shall exchange their preliminary contentions on infringement and invalidity concurrent with the service of their respective responses to each other's first set of Interrogatories. The parties shall exchange their final contentions on infringement, non-infringement, validity and invalidity within 30 days after the Court issues its decision on claim construction.

### C. Proposed Discovery Schedules

(1) **Initial Disclosures:** The parties will exchange initial disclosures on or before June 30, 2008.

(2) **Fact discovery:** shall be commenced in time to be completed by May 29, 2009.

(3) **Expert Disclosures:**

(a) **Plaintiff's Position:** Parties to disclose identity of experts and summary of topics upon which testimony is expected by May 20, 2009. The parties shall exchange expert reports on which they have the burden of proof on July 15, 2009.. The parties shall exchange rebuttal expert reports by August 14, 2009. Expert discovery shall be completed by September 30, 2009.

(b) **Defendant's Position:** Parties to disclose identity of experts and summary of topics upon which testimony is expected by March 20, 2009. The parties shall serve export reports on which they have the burden of proof within 30 days after the Court issues its decision on claim construction, but no earlier than July 15, 2009. The parties' shall serve their rebuttal expert reports within 60 days after the Court issues its decision on claim construction, but no earlier than August 14, 2009. Expert discovery shall be completed within 42 days after the date of service of the parties' rebuttal expert reports.

(4) **Depositions:**

(a) **Timing of Depositions:** unless counsel agrees otherwise or the Court so orders, depositions are not to be held until after the responses and documents are produced in response to any first requests for production of documents and first set of interrogatories.

(b) **Location of Depositions:**
The parties will attempt to reach agreement on the location of depositions to be conducted of the parties, employees, officers, agents, representatives of parties, or persons over whom any party does or has the ability to exert control. In the event the parties can not reach agreement on the location of the deposition of a particular witness sought to be deposed, either party can apply to the Court for an Order concerning the location of the deposition for that witness.

D. **Limitations on Discovery**

None proposed other than as specified in applicable rules. The parties anticipate entering into a confidentiality stipulation where necessary.

E. **Any Other Orders that Should be Entered:**

(1) **Dispositive Motions:** Dispositive motions including any motions for summary judgment can be filed at any time but no later than sixty (60) days before trial.

(2) **Motions for leave to Amend the pleadings:** to be filed by January 30, 2009.

(3) **Joinder of additional parties** by December 30, 2008.

Uniondale, New York
May 23, 2008

RIVKIN RADLER, LLP

/s/
--------
Celeste M. Butera (CB5659)
Stephen J. Smirti, Jr. (SJS2777)
Pia E. Riverso (PER6287)
926 RexCorp Plaza
Uniondale, New York 11556-0111
516-357-3000
Facsimile:    516-357-3333

CADWALADER, WICKERSHAM & TAFT LLP

/s/
--------
Bartholemew Verdirame (BV2351)
Tony V. Pezzano (TVP2058)
Michael Paul Dougherty (MPD-431)
One World Financial Center
New York, NY 10281
(212) 504-6699
Facsimile:    212 504-6666
ATTORNEYS FOR CHRISHA CREATIONS, LTD.

SILLS CUMMIS & GROSS P.C.

/s/
--------
Philip Y. Braginsky (PB1627)
Mark J. Rosenberg (MR 8739)
Jonathan Young (JY6237)
One Rockefeller Plaza
New York, NY 10020
212 643-7000
ATTORNEYS FOR DEFENDANTS DOLGENCORP, INC., DOLLAR GENERAL CORPORATION and FAMILY DOLLAR STORES, INC.